ELLIS, Judge:
ON RULE TO SHOW CAUSE
This is a possessory action in which plaintiffs allege their possession was disturbed by a mineral lease of their property granted by defendant Reuben M. Newman to defendant ICO, Inc. Final judgment was signed on July 16, 1980, recognizing and maintaining the possession of plaintiffs to the subject property, and ordering the Clerk of Court to cancel a mineral lease of the property made by defendant, as lessor, “in the event that Newman and ICO do not assert title to the property by proper suit within thirty days of the date this judgment becomes executory.” On September 8, 1980, plaintiffs took a devolutive appeal from the said judgment. This court, sua spon te, has ordered plaintiff to show cause why the appeal should not be dismissed because not timely obtained.
Article 3662 of the Code of Civil Procedure provides as follows:
“A judgment rendered for the plaintiff in a possessory action shall:
“(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
“(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and
“(3) Award him the damages to which he is entitled and which he has prayed for.
“A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(l)-(3).”
It seems clear that the delays for taking a devolutive appeal from a judgment in a possessory action had expired when plaintiffs appealed in this case. However, they argue that they have not appealed the judg *411 ment insofar as it recognizes their possession, but have appealed only from that part of the judgment ordering the cancellation of the mineral lease, which, it is argued, is separate and distinct from the possessory action.
The argument is without merit. The court can restore plaintiffs to the possession of their property only by removing the disturbance complained of. That part of the judgment ordering the lease cancelled is therefore a necessary part of the judgment in the possessory action, and subject to the appeal delay specified in Article 3662, supra.
The appeal is therefore dismissed, at plaintiffs’ cost.
APPEAL DISMISSED.